EDWARD ROTCH, RESPONDENT, *v.* AUGUSTUS N. HAMILTON, APPELLANT.

APPEAL.—RECORD INSUFFICIENT.—DISMISSAL.—Under section 3650, 2 Comp. Laws 1888, which provides that if appellant do not furnish the appellate court with the necessary papers, the appeal may be dismissed, where appellant furnishes the court with but a single paper, which is full of interlineations and erasures and seems to be the original statement upon motion for new trial, but not certified by the clerk of the lower court, the appeal will be dismissed.

APPEAL from a judgment of the district court of the third district and from an order refusing a new trial. The opinion states the facts, but the following sections of the statute may be worthy of note.

Section 3646, 2 Comp. Laws 1888, requires the appellant on appeal from a judgment to furnish the court with the copy of notice of appeal, the judgment roll, and any bill of exceptions or statement in the case on which appellant relies.

Section 3648 requires, on appeal from an order granting or refusing a new trial, the same papers with a copy of the order appealed from. Section 3649 prescribes that these copies must be certified to be correct by the clerk, or the attorneys, and must be accompanied by the clerk's certificate that an undertaking on appeal in due form has been filed or a stipulation of parties waiving an undertaking. Section 3650 is noticed in *syllabus.*

*Mr. Jabez G. Sutherland,* for the appellant.

35

*Mr. Arthur Brown,* for the respondent.

PER CURIAM:

In this case no transcript of the record has been filed. There is a paper filed purporting to be a statement on motion for a new trial and on appeal. It is full of erasures, and there are many interlineations. The pleadings and orders of the court are not in it. It is indorsed by the referee as the evidence in the case pertinent to the specifications of error. The transcript should be a copy certified by the clerk of the court where the trial is had to be a copy of the entire record in the case. This paper seems to be the original paper filed in the district clerk's office. It does not give a full history of the case, nor does the abstract. This appeal is therefore dismissed, on the motion of this court. 2 Comp. Laws, § 3650.